IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael B. Carothers, | ) C/A No. 2:13-1383-JFA-BHH |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Kenny Atkinson, Warden, FPC Edgefield, | ) |
| Respondent. | ) |

Petitioner, Michael B. Carothers ("Petitioner"), is a federal inmate in Federal Prison Camp Edgefield ("FPC Edgefield") in Edgefield, South Carolina. Petitioner, proceeding *pro se*, filed this Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a federal sentence imposed upon him in this court by United States District Judge Cameron McGowan Currie, on April 1, 2009. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this Petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

construing a petition filed by a *pro se* litigant to allow the development of a potentially-meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## BACKGROUND

The undersigned takes judicial notice of Petitioner's prior criminal proceeding in this Court. *See United States v. Carothers*, C/A No. 0:08-cr-00401-CMC-4 (D.S.C.).[2] Petitioner alleges that, on September 8, 2008, he pleaded guilty to violation of 21 U.S.C. 841 & 846 (conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine and 50 grams or more of crack cocaine) and, on April 1, 2009, Petitioner was sentenced by Judge Currie to 92 months imprisonment, followed by five years of supervised release. *See* C/A No. 08-401, ECF No. 145. Petitioner's written plea agreement contained a waiver of direct appeal.

On December 7, 2009, Petitioner filed a *pro se* motion to reduce his sentence, which was construed as a motion for relief under Rule 35 of the Federal Rules of Criminal Procedure and/or 18 U.S.C. § 3582 and denied by Judge Currie, on December 14, 2009. *See* C/A No. 08-401, ECF No. 192. On April 15, 2010, Petitioner filed a *pro se* motion to

---

[2] *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, raising a claim of ineffective assistance of counsel, alleging that his counsel failed to file a notice of appeal after Petitioner directed him to do so. Judge Currie set an evidentiary hearing date and appointed the Federal Public Defender to represent Petitioner during the hearing, which was held on July 28, 2010. At the hearing, Petitioner's § 2255 motion was withdrawn and dismissed with prejudice. *See* C/A No. 08-401, ECF No. 212. Thereafter, on July 6, 2011, Petitioner filed a *pro se* motion to reduce his sentence, C/A No. 08-401, ECF No. 226, and, on November 18, 2011, another motion to reduce his sentence pursuant to Amendment 750 of the United States Sentencing Guidelines, C/A No. 08-401, ECF No. 250. Petitioner's motions, which were construed as motions for reduction of sentence under 18 U.S.C. § 3582, were denied on December 2, 2011. *See* C/A No. 08-401, ECF No. 254. On December 5, 2011, Petitioner filed another *pro se* motion to reduce his sentence, which was construed as a motion for reconsideration of the court's December 2, 2011 decision finding that Petitioner was not eligible for relief under Amendment 750. Petitioner's motion for reconsideration was denied, on December 13, 2011. *See* C/A No. 08-401, ECF No. 257. Petitioner appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed this court's decision, on June 5, 2011. *See* C/A No. 08-401, ECF No. 269. On July 18, 2012, Petitioner filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which was dismissed, on July 19, 2012, because Petitioner failed to secure permission to file a second or successive § 2255 motion in the appropriate court of appeals, prior to the filing his motion in this district court. *See* C/A No. 08-401, ECF No. 273.

Petitioner now files the instant § 2241 habeas petition seeking relief under the Fair Sentencing Act of 2010 ("FSA") pursuant to *Dorsey v. United States*, 132 S.Ct. 2321 (2012)

3

and *United States v. Rojas*, 685 F.3d 1260 (11th Cir. July 2, 2012), which Petitioner alleges held that the FSA is retroactively applicable. Petition, ECF No. 1, p. 7. Petitioner alleges that "on June 12, 2012, the United States Supreme Court held that the FSA's mandatory minimum sentencing applies to all sentencings on or after the enactment date of August 3, 2010 regardless of when the offense conduct occurred." *Id.* Petitioner cites *Dorsey* as authority for his claim that "Congress intended [the Act's] new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders," thus "petitioner is due for applicable post-Act sentencing relief." *Id.* Petitioner alleges:

> This Honorable Court has jurisdiction over Petitioner's Imprisonment and under § 2241 may grant him relief from this unconstitutional imprisonment pursuant to recent U.S. Supreme Court Ruling in *Dorsey v. U.S.* (2012) 132 S.Ct. 2321, 183 L.Ed.2d 250, that the holding of all Post-Act Sentencing was or is meant to be retroactively applicable to the FSA statutory new applicable minimum mandatory, and new sentencing guideline; I request relief Pro Se for this Court to construe this petition under the proper authority it needs to address requested relief.

Petitioner, ECF No. 1, p. 9.

## DISCUSSION

Many federal prisoners, such as the Petitioner here, have erroneously attempted to overturn federal convictions or sentences by filing a § 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257, 259-61 (4th Cir. 2002) (upholding summary dismissal of § 2241 action filed in the District of South Carolina that challenged convictions and sentences entered in the United States District Court for the District of Puerto Rico). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence [only] if he or she can satisfy the mandates of the so-called § 2255 'savings clause' . . . ." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *see also*

*Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Otherwise, "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). The "savings clause" states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective.[3] To trigger the "savings clause" of § 2255(e) and proceed under § 2241, Petitioner must meet the specific requirements set forth in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the Fourth Circuit held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34.

---

[3] That a § 2255 action may be unsuccessful, untimely, or successive does not render it an inadequate or ineffective remedy. *In Re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner cannot claim that § 2255 is inadequate or ineffective in his situation merely because his initial § 2255 motion was dismissed with prejudice following an evidentiary hearing, in July 2010, and his second § 2255 motion was summarily dismissed, in July 2012, because Petitioner failed to secure permission from the Fourth Circuit, pursuant to § 2255(h), before filing it in this court.[4] Nor can Petitioner claim that he satisfies the Fourth Circuit's *In re Jones* test or show any other exceptional reason to justify his resort to § 2241 to raise an alleged sentencing-error issue. Petitioner's allegations do not satisfy the second element of the *Jones* test, because the law change that Petitioner cites, *i.e. Dorsey v. United States*, 132 S.Ct. 2321 (2012), did *not* change the substantive law such that the conduct of which Petitioner was convicted is deemed not to be criminal. *Dorsey* simply changed the mandatory minimum sentencing regime for those convicted of such crimes.

Moreover, the Fourth Circuit has unequivocally held that the FSA does not apply to persons convicted and sentenced before its effective date. *See United States v. Mouzone*, 687 F.3d 207, 222 (4th Cir. 2012); *United States v. Bullard*, 645 F.3d at 248-49; *see also* 1 U.S.C. § 109. Because Petitioner's crime, conviction, and sentencing preceded August 3, 2010, Petitioner's FSA argument is meritless. While Petitioner accurately asserts that

---

[4] A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

the United States Supreme Court's decision in *Dorsey* requires retroactive application of the FSA, the Supreme Court held that Congress intended the Act's more lenient penalties to apply to pre-Act offenders sentenced *after the Act took effect on August 3, 2010.* *Dorsey*, 132 S.Ct. at 2326, 2335. Because Petitioner pleaded guilty in September 2008 and was sentenced in April 2009, *Mouzone* and *Bullard*, not *Dorsey*, are controlling. *See, e.g. Settles v. United States*, Civil No. WDQ-12-1050, Criminal No. WDQ-08-348, 2013 WL 1856339 at *5 (D. Md. Apr. 30, 2013); *United States v. Hamm*, Cr No.: 3:09-501-JFA, 2013 WL 876238 at *2 (Mar. 8, 2013 D.S.C.).

## RECOMMENDATION

Accordingly, it is recommended that the instant Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed without prejudice and without requiring Respondent to file a return. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). Petitioner's attention is directed to the important notice on the next page.

                                             s/Bruce Howe Hendricks
                                             United States Magistrate Judge

June 21, 2013
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).